CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 15 2010
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) ) ) Case No. 7:05CR00028-016 |
| | ) (Case No. 7:10CV80216) |
| v. | ) ) MEMORANDUM OPINION |
| | ) |
| GREGORY ALLEN GOINS, | ) By: Glen E. Conrad |
| | ) United States District Judge |
| Defendant. | ) |

Defendant Gregory Allen Goins, a federal inmate, brings this action, styled as a "motion for revision of sentencing instruction pursuant to 28 U.S.C. § 1651." The motion was construed and opened as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255. Upon further review of Goins' motion, however, it is clear that he is not claiming that his sentence as imposed is unlawful nor is he seeking to have it vacated or set aside. He is merely asking to have the terms of supervised release modified. Accordingly, the court finds that the § 2255 action must be dismissed without prejudice. The court also finds, under applicable law,[1] that a modification to Goins' release conditions is not appropriate at this time.

## Background

Goins was convicted of one count of conspiracy to distribute at least 500 grams of methamphetamine and sentenced in 2007 to 75 months imprisonment, to be followed by five

---

[1] As authority for his request to modify the terms of supervised release, Goins cites 28 U.S.C. § 1651. This provision, popularly known as the All Writs Act, "is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the all Writs Act, that is controlling." Carlisle v. United States, 517 U.S. 416, 429 (1996) (internal quotations omitted). Because the court herein finds that the issue the defendant raises in this motion is governed by 18 U.S.C. § 3583(e), that statute is controlling, and Goins cannot pursue his claims under the guise of § 1651.

years of supervised release. The amended judgment dated May 8, 2007 indicates that, among other things, the special conditions of his supervised release are as follows:

> 1 - The defendant shall participate in a program of testing and treatment for substance abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.
>
> 2 - The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

The court also recommended that Goins be provided an opportunity to undergo the Intensive Drug Rehabilitation and Treatment Program pursuant to 18 U.S.C. § 3621(e) at FCI Butner, in North Carolina. Goins did not appeal his conviction or sentence.

In the present motion, Goins alleges that he completed the drug program as recommended by the court. He also claims that while in federal prison, he has been "removed from any and all counseling, medication, medical care, or remedial treatment of any kind, confirming . . . that petitioner has been completely cured of his disabilities, making further treatment at his or government's expense, wholly unnecessary." He asserts that the release conditions requiring post-incarceration care are thus "proven [to be] unwarranted and unnecessary," that he cannot afford to comply with these conditions, and that being forced to comply with the conditions "would seriously reduce [his] chances of meaningful employment." He asserts that the conditions are merely "a potential 'trip wire,' to send him back to prison." Accordingly, he asks the court to determine that the post-incarceration care is "now unnecessary" and to "remove it as a stipulation of supervised release." Finally, he argues that given these new developments, the factual basis for his "lengthy" period of supervised release no longer exists, so the term of release should be reduced.

## Discussion

Conduct-based changes to the length of a supervised release term or to the specific conditions of release are governed by 18 U.S.C. § 3583(e)(2),[2] in conjunction with Fed. R. Crim. P. 32.1(c). In deciding whether to modify a term or conditions of release, the court must consider the factors listed in 18 U.S.C. § 3553 in order to determine whether, and to what extent, the requested changes are warranted. These factors include the nature and circumstances of the offense and the history and characteristics of the defendant, and the need for the sentence to deter future crimes and protect the public from future crimes by the defendant. Id.

In considering Goins' requests for modification of his release term and conditions, the court has consulted with the probation officer assigned to his case. For several reasons, the officer recommends against granting any modifications at this time, while Goins is still incarcerated.

First, as reflected in the Presentence Investigation Report (PSR), Goins has a history of in-patient mental health treatment. (PSR ¶¶ 73-74.) He is also an admitted drug user. In fact, mental health professionals who evaluated him during pretrial proceedings in this case diagnosed his mental health problems as being related to his substance abuse. (Id. 74.)

---

[2] This provision reads, in pertinent part:
(e) Modification of conditions or revocation.--The court may, after considering the factors set forth in section 3553 . . . .
(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

Second, although Goins feels that he no longer has a substance abuse problem and no longer needs mental health treatment, the structured prison environment in which he currently lives does not present the same stresses, temptations, and influences that he will face, once he is released. Continuing drug treatment even after he is out of prison may be necessary to keep him from falling back into old patterns of drug use and drug trafficking. Continued mental health monitoring and treatment are warranted for similar reasons.

Third, the challenged conditions of release may be modified later if circumstances prove that changes are appropriate. When Goins' conduct and mental health condition, several months to a year into his release term, demonstrate that the drug treatment and mental health treatment programs are no longer necessary to his well being and to the safety of the community, he may then make a motion for modification of the conditions and the term of supervised release.

Finally, for the stated reasons, the court does not find that any reduction in the five-year term of supervised release is warranted at this time, based on the defendant's evidence.

## Conclusion

Given the nature of the defendant's requests for relief, the court will order that the defendant's motion, construed and filed as a § 2255 action, be dismissed without prejudice. Furthermore, for the reasons stated, the court concludes that the term and conditions of supervised release as reflected on the amended judgment of May 8, 2007, should not be modified at this time. Therefore, the court will deny the defendant's motion seeking modification of supervised release conditions. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and the accompanying judgment and final order to the defendant.

ENTER: This 15th day of January, 2010.

_____
United States District Judge